UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22398-CIV-ALTONAGA/Damian

Golden Exotics, LLC,

       Plaintiff,

v.

United States of America; et. al.

       Defendants.

_____/

**United States' Motion to Dismiss Golden Exotics, LLC's Motion for
Return of Property Pursuant to Rule 41(g)**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, through its undersigned attorneys, and respectfully states and prays as follows:

## I. Introduction

Golden Exotics, LLC is seeking pursuant to  Rule 41(g) of the Federal Rules of Criminal Procedure, return of a 2018 Bugatti Chiron with Vehicle Identification Number (VIN) VF9SP3V34JM795083, seized by the United States on or about June 1, 2023, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Bruce J. McGiverin of the United States District Court for the District of Puerto Rico, Case No. 23-610(M), pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C); 982(a)(1); 982(a)(2)(B); 983, and 1030(i);  21 U.S.C. § 853; and 28 U.S.C. § 2461(c). [1]   Based on the Rule 41(g)'s own language, as well as applicable case law, the United States submits that Plaintiff's request for return of the vehicle should be dismissed since Plaintiff has a remedy at law that renders its request unnecessary and premature. *See* United

_____

[1] 18 U.S.C. §§ 981 (Civil Forfeiture); 982 (Criminal Forfeiture); 983 (General rules for civil forfeiture proceedings), and 1030 (Fraud and related activity in connection with computers); 21 U.S.C. § 853 (Criminal Forfeitures); 28 U.S.C. § 2461 (Mode of Recovery).

Case No. 23-22398-CIV-ALTONAGA/Damian

States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083), 23-cv-1392 (SCC), filed before the

United States District Court for the District of Puerto Rico.

## II.    Factual Background

1.   The 2018 Bugatti Chiron with VIN VF9SP3V34JM795083, was lawfully seized by the

United States on or about June 1, 2023, pursuant to a Warrant to Seize Property Subject to Forfeiture

issued by Magistrate Judge Bruce J. McGiverin of the United States District Court for the District

of Puerto Rico, Case No. 23-610(M).  *See* Exhibits A and B, Warrant to Seize (AO 109) and Return

of Warrant to Seize (AO 109).  The affidavit submitted in support of the application for the seizure

warrant was sealed by Honorable Bruce J. McGiverin upon request of the United States.  *See* Shea

v. Gabriel, 520 F.2d 879, 882 (1st Cir. 1975).

2.   On or about June 26, 2023, the U.S. Customs and Border Protection (CBP) sent a "Notice of

Seizure and Information to Claimants – JF Form" to parties who could arguably have an interest in

the 2018 Bugatti Chiron with VIN VF9SP3V34JM795083.  Amongst the parties receiving this

notice was Golden Exotics, LLC, and Kevin Thobias.  The notice includes reference to relevant

forfeiture statutes, notice that an "Election of Proceedings" form is enclosed with the letter, and a

description of the options available to the claimant, including the time frames in which such options

can be exercised.  *See* Exhibit C, Notice of Seizure and Information to Claimants – JF Form.   The

options available to Golden Exotics, LLC include filing a petition with CBP seeking remission of

the forfeiture, filing an offer in compromise pursuant to 19U.S.C. § 1617, abandoning the property

or stating that there is no claim or interest in it, or requesting that the matter be referred to the U.S.

Attorney for institution of judicial forfeiture proceedings.  The Notice of Seizure and Information to

Claimants - JF Form also provides information regarding the procedure for release on payment,

Case No. 23-22398-CIV-ALTONAGA/Damian

which the notice describes as a "substitute release of the seized property on payment". *See* Exhibit C, Notice of Seizure and Information to Claimants – JF Form.

3.   On or about July 14, 2023, Kevin Thobias and Golden Exotics, LLC selected to have CBP refer the seizure of the 2018 Bugatti Chiron to the U.S. Attorney for institution of judicial forfeiture proceedings. *See* Exhibits D and E, Election of Proceedings – JF Form.

4.   On August 2, 2023, the United States filed a Verified Complaint for Forfeiture In Rem before the United States District Court for the District of Puerto Rico. *See* United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083), 23-cv-1392 (SCC), and Exhibit F, Verified Complaint for Forfeiture in Rem.

### III. Legal Argument

**A.   Plaintiff's Rule 41(g) request fails to state a claim for which relief can be granted, since Plaintiff has an adequate remedy at law to litigate the forfeiture of the 2018 Bugatti Chiron.**

The United States seized the 2018 Bugatti Chiron on or about June 1, 2023, pursuant to a seizure warrant sought under the authority of civil and criminal forfeiture statutes.  By June 26, 2023, CBP had notified Plaintiff of its options to address the seizure, and as of July 14, 2023, Plaintiff has asked that the matter be submitted to the United States Attorney. Under the civil forfeiture statutes, specifically 18 U.S.C. § 983, the government had 90 days to consider whether to initiate a civil forfeiture action by filing a complaint. If it did not do so, it would have had to promptly return the property absent an extension of the 90-day deadline. 18 U.S.C. § 983(a)(3)(B). *See* United States v. Bluearm, No. 4:22-CR-40040-LLP, 2022 WL 1500632, at *2 (D.S.D. May 12, 2022) (Denying a motion pursuant to Rule 41(g), insofar as at the time of the filing of the Rule 41(g) motion, it had not yet been 90 days since the government seized the property at issue).

The United States filed the Verified Complaint for Forfeiture in Rem well within the 90-day deadline.  Plaintiff clearly has a remedy at law that renders its request for return of property under

Case No. 23-22398-CIV-ALTONAGA/Damian

Rule 41(g) unnecessary and premature.  *See* <u>Wilson v. United States</u>, No. 8:13-MC-11-T-27AEP, 2013 WL 1774810, at *1 (M.D. Fla. Apr. 2, 2013), report and recommendation adopted, No. 8:13-MC-00011-T-27, 2013 WL 1785883 (M.D. Fla. Apr. 25, 2013) (Movant has an adequate remedy at law for contesting the seizure of the Camaro in the IRS administrative forfeiture proceeding filed his motion prior to receiving the notices from the IRS, thereby rendering the Rule 41(g) motion unnecessary and premature).

In addition, Rule 41(g) motions are unavailable when property is seized pursuant to civil forfeiture instead of for use as evidence. <u>United States v. Verdieu</u>, 718 F. App'x 822, 824 (11th Cir. 2017) citing to <u>United States v. Watkins</u>, 120 F.3d 254, 255 (11th Cir. 1997) (per curiam).  The Court of Appeals for the Eleventh Circuit in <u>Verdieu</u> held that a district court did not err in denying a Rule 41(g) motion since the property in question was administratively forfeit by the Drug Enforcement Administration and Rule 41(g) was not the "appropriate vehicle for its return" in that scenario. The Court of Appeals also found that the district court "without equitable jurisdiction because Verdieu had an adequate remedy at law" in that he could pursue a motion to set aside the forfeiture under 18 U.S.C. § 983(e). *See* <u>Verdieu</u>, 718 F. App'x at  825.

Rule 41(g) is inapplicable in the context of civil forfeitures, and the Court lacks jurisdiction to apply it.  *See* <u>United States v. Bryant</u>, 685 F. App'x 855, 856 (11th Cir. 2017)  (The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. §§ 981 and 983,  statutory remedies are available only where the property is seized through civil or administrative forfeiture process, whereas equitable jurisdiction under Rule 41(g) may cover claims of unlawful seizures of property committed outside the forfeiture process); <u>United States v. Eubanks</u>, 169 F.3d 672, 674 (11th Cir. 1999) (Finding that Rule 41(e) (now designated as Rule 41(g)) motion is unavailable when property is retained pursuant to civil forfeiture instead of for use as evidence); <u>Williams v. United States</u>,

Case No. 23-22398-CIV-ALTONAGA/Damian

No. 23-20296-CIV, 2023 WL 3845525, at *2 (S.D. Fla. June 6, 2023) (Because the Secret Service initiated a civil forfeiture of the property at issue here, Rule 41(g) is inapplicable); <u>Dalembert v. United States</u>, No. 19-CV-62250, 2020 WL 1322583, at *3 (S.D. Fla. Mar. 20, 2020) (Rule 41(g does not apply when the government seizes property pursuant to civil forfeiture).

In the absence of a pending criminal action, a Rule 41(g) request for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. <u>Noe Reina-Delacruz, Plaintiff, v. United States of America, Defendant.</u>, 2018 WL 11445489 (S.D.Fla. 2018) (The civil rules apply to each stage of the proceedings, the same way they would in a civil context.); A Rule 41(g) petition is subject to dismissal. *See* <u>United States v. Sperow</u>, No. LACV1801186VAPCWX, 2018 WL 6174706, at *2 (C.D. Cal. Oct. 18, 2018); <u>United States v. Hurtado</u>, No. CV 09-4206 SVW (EX), 2009 WL 10671968, at *2 (C.D. Cal. Oct. 7, 2009) (The Government's opposition to a Rule 41(g) motion is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)).

## IV.  Conclusion

The United States requests that the Rule 41(g) motion at issue be dismissed without prejudice insofar as the Plaintiff has an appropriate remedy through the forfeiture proceedings at <u>United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083)</u>, 23-cv-1392 (SCC) before the same court that issued the seizure warrant, that is the United States District Court for the District of Puerto Rico. The Rule 41(g) request for return fails to state a claim upon which relief can be granted. Pursuant to Rule 7.1(a)(3) of the Local Rules for the United States District Court for the Southern District of Florida, a Pre-filing Conference with other parties is not required to file a motion to dismiss for failure to state a claim upon which relief can be granted.

Case No. 23-22398-CIV-ALTONAGA/Damian

WHEREFORE, for the above-stated reasons, the United States requests that the Court dismiss Golden Exotics, LLC s Motion for Return of Seized Property, for failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 3rd day of August, 2023.

W. STEPHEN MULDROW
United States Attorney

*/s/Myriam Y. Fernández-González*
Myriam Y. Fernández-González
Assistant United States Attorney
United States Attorney's Office
District of Puerto Rico
Special Bar ID # A5503086
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4049
Email: Myriam.Y.Fernandez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that; I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

*/s/Myriam Y. Fernández-González*
Myriam Y. Fernández-González
Assistant United States Attorney