UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22398-CIV-ALTONAGA/Damian

**GOLDEN EXOTICS, LLC**,

      Plaintiff,
v.

**UNITED STATES OF AMERICA**, *et al.*,

      Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On July 11, 2023, the Court entered an Order [ECF No. 10] requiring the parties to submit a joint scheduling report as required by Southern District of Florida Local Rule 16.1. (*See* July 11, 2023 Order). The parties submitted their Joint Scheduling Report [ECF No. 19], reflecting in many respects their disagreement on how this case should proceed.

In the Government's view, and as argued in the Motion to Dismiss [ECF No. 14], a Rule 41(g) motion is the wrong procedural vehicle for Plaintiff to litigate the propriety of the Government's seizure. According to the Government, the property was initially seized by the United States on June 1, 2023 under a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Bruce J. McGiverin of the United States District Court for the District of Puerto Rico, under 18 U.S.C. sections 981(a)(1)(A) and (C), 982(a)(1), 982(a)(2)(B), 983, and 1030(i); 21 U.S.C. section 853; and 28 U.S.C. section 2461(c). (*See* Joint Scheduling Report 2; Mot. Dismiss Ex. 1, Warrant to Seize Property Subject to Forfeiture [ECF No. 14-1]; *id.* Ex. 2 Return [ECF No. 14-2]; *id.* Ex. 3 Notices of Seizure & Information to Claimants Forms [ECF No. 14-3]); *see also Sealed v. Sealed*, No. 23-610 (D.P.R.) (sealed proceeding Government

references). The Government believes Plaintiff should proceed in the District of Puerto Rico (*see* Joint Scheduling Report 3–4), where the Warrant was issued and where the Government recently initiated an *in rem* civil forfeiture proceeding against the subject 2018 Bugatti Chiron, *see United States v. 2018 Bugatti Chiron (VIN#: VF9SP3V34JM795083)*, No. 23-cv-01392, Complaint [ECF No. 1] filed August 2, 2023 (D.P.R. 2023). Plaintiff apparently disagrees. (*See* Joint Scheduling Report 3).

Although the parties' disagreement in the Joint Scheduling Report goes to the merits of whether the Court should exercise its equitable jurisdiction over this matter, it highlights an issue previously raised by Defendants: whether venue is proper in this District. (*See* Resp. Opp'n Golden Exotics, LLC's Mot. Return Property [ECF No. 12] 5).[1] The United States previously moved to transfer venue (*see id.*), but the Court denied that request for failure of the Government to include a certification that it conferred with Plaintiff, as required by Southern District of Florida Local Rule 7.1(a)(3). Curiously, Defendants did not raise the issue again. The Court does so now.

"[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]" *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (alterations added). In proceedings under Federal Rule of Civil Procedure Rule 41(g), venue is proper only "in the district where the property was seized." Fed. R. Civ. P. 41(g). In cases involving seizures pursuant to a court order, the "district where the property was seized" is the district that ordered seizure of the property. *Pegg v. United States*, 147 F. App'x 886, 887 (11th Cir. 2005). To hold otherwise would "raise serious issues of judicial economy and comity between the federal district courts." *Id.* Here, the physical seizure was effectuated pursuant to

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

the Warrant issued by the District of Puerto Rico, so, under Rule 41(g), venue appears proper there — and there alone. *See Pegg*, 147 F. App'x at 887.

When a party has filed an action in the wrong district, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (alterations added). Before transferring, however, the Court will offer "the parties an opportunity to present their views on the issue." *Lipofsky*, 861 F.2d at 1258.

Accordingly, it is

**ORDERED** that on or before **August 21, 2023**, Plaintiff and Defendants shall show cause why this case should not be transferred to the District of Puerto Rico. The parties shall confer on the issue, and (1) if they agree, file a joint report indicating their agreement and explanation for their position on transfer; or (2) if they do not agree, file separate notices that indicate their respective positions on transfer and explanations on the same. The parties' filing(s) must include citations to the record and legal authority.

**DONE AND ORDERED** in Miami, Florida, this 15th day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record