UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22398-CIV-ALTONAGA/Damian

Golden Exotics, LLC,

    Plaintiff,

v.

United States of America; et. al.

    Defendants.

_____/

**United States' Motion Requesting Change of Venue**

TO THE HONORABLE COURT:

    COMES NOW, defendants, the United States of America and the United States Department of Homeland Security, through the undersigned attorneys, and respectfully state and pray as follows:

### I. Introduction

    It is the position of the United States and the United States Department of Homeland Security that the instant action, filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, should be transferred to the United States District Court for the District of Puerto Rico. The 2018 Bugatti Chiron with Vehicle Identification Number (VIN) VF9SP3V34JM795083, was seized by the United States on or about June 1, 2023, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Bruce J. McGiverin of the United States District Court for the District of Puerto Rico, Case No. 23-610(M). The seizure was followed by the filing, on August 2, 2023, of a Verified Complaint for Forfeiture In Rem also before the United States District Court for the District of Puerto Rico. *See* <u>United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083)</u>, 23-cv-1392 (SCC). *See* ECF No. 14-1 and 14-6.

*Case No. 23-cv-22398*

## II.     Legal Arguments

The 2018 Bugatti Chiron was at the time of seizure physically located in Miami, Florida, but the court that ordered its seizure was the United States District Court for the District of Puerto Rico.  See In re Seizure of All Funds on Deposit in Bank of Am. Acct. No. 898004312540, in name of Rosemond D Corp., No. 09-22513-CIV, 2010 WL 3717235, at *2 (S.D. Fla. Sept. 21, 2010) ("[I]n rem jurisdiction must encompass the right of the court originally asserting jurisdiction to control and dispose of the property) citing to U.S. v. $270,000 in U.S. Currency, 1 F.3d 1146, 1148 (11th Cir.1993) (At the time the federal district court asserted jurisdiction over the res, the state circuit court had not entered a final order disposing of the property. The federal district court's premature exercise of in rem jurisdiction impaired the state court's jurisdiction and violated the spirit of comity that must underlie federal and state court relations). .").  See also Standridge v. United States, No. CV-07-1468-PHX-SMM, 2007 WL 2684842, at *1 (D. Ariz. Sept. 11, 2007) (The Court found that it was in the best interest of all parties that Standridge's Rule 41(g) motion be transferred to the Middle District of Florida, where there was a criminal indictment with forfeiture allegations against Standridge and where a seizure warrant for the bank account subject to the Rule 41(g) was issued).

Given that the seizure and the civil forfeiture proceedings arise from action taken by the United States District Court for the District of Puerto Rico, it is submitted that venue over the present action is appropriate before the District of Puerto Rico.

## III.     Conclusion

Defendants inform that the parties did confer on August 18, 2023.  As the parties did not agree on how the issue should be disposed of, then each will file its respective positions separately.  The United States of America and the United States Department of Homeland Security are of the

*Case No. 23-cv-22398*

position that venue is proper in the District of Puerto Rico and so seek a change of venue to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a).

As stated in the Verified Complaint (ECF No. 14-6), the nature of that civil action arises pursuant to 18 U.S.C. § 981 (Civil Forfeiture); 18 U.S.C. § 1030 (Fraud and related activity in connection with computers); 18 U.S.C. § 1956 (Laundering of monetary instruments); and 18 U.S.C. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity).  *See* ECF No. 14-6, page 1, ¶ 1.  The acts and omissions giving rise to forfeiture occurred in the District of Puerto Rico.  *See* ECF No. 14-6, page 2, ¶ 3.

WHEREFORE, for the above-stated reasons, the United States requests that the Court the instant action be transferred to the District of Puerto Rico.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this  21st day of August, 2023.

> W. STEPHEN MULDROW
> United States Attorney
>
> */s/Myriam Y. Fernández-González*
> Myriam Y. Fernández-González
> Assistant United States Attorney
> United States Attorney's Office
> District of Puerto Rico
> Special Bar ID # A5503086
> Myriam.Y.Fernandez@usdoj.gov
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> Tel. (787) 766-5656
> Fax. (787) 771-4049
> Email: Myriam.Y.Fernandez@usdoj.gov

*Case No. 23-cv-22398*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

<u>/s/Myriam Y. Fernández-González</u>
Myriam Y. Fernández-González
Assistant United States Attorney
