UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **1:23-cv-22398- ALTONAGA/Damian**

GOLDEN EXOTICS, LLC

v.

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF HOMELAND
SECURITY

**GOLDEN EXOTICS, LLC'S NOTICE TO OPPOSE TRANSFER OF VENUE**

Golden Exotics, LLC ("Plaintiff"), a Montana Limited Liability Company with its sole member Mr. Kevin Thobias, by its undersigned attorneys, having met and conferred with United States and United States Department of Homeland Security (collectively, "Defendants") via telephone on August 18, 2023, without reaching any agreement regarding transfer of the case, hereby files this notice to oppose transfer of venue in response to the Court's Order to Show Cause [ECF No. 24] and states:

I.      INTRODUCTION

On or about June 2, 2023, Defendants seized a 2018 Bugatti Chiron (the "Vehicle") in Miami, FL, pursuant to a Warrant to Seize Property Subject to Forfeiture ("Warrant to Seize") issued by U.S. Magistrate Judge Bruce J. McGiverin from the United States District Court for the District of Puerto Rico. The warrant was issued on or about May 31, 2023, based solely on a sealed affidavit provided by a government agent. On June 28, 2023, Plaintiff filed an expedited motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)") in the

Southern District of Florida seeking the return of a Vehicle. See <u>ECF No. 1, Motion for Return of Property.</u>

Under Rule 41(g), venue for a motion under Rule 41(g) must be filed in "the district where the property was seized." Here, the Vehicle was seized in Miami, FL, which lies in the Southern District of Florida. Thus, Plaintiff's motion was properly filed in the only district where it could be filed in accordance with Rule 41(g), and venue lies solely in this district. For that reason, venue is proper and the court should retain jurisdiction over this action.

        I.        **<u>ARGUMENT IN OPPOSITION TO TRANSFER OF VENUE</u>**

**A. In proceedings under Rule 41(g), Venue is Proper Only in the District Where the Property Was Seized.**

On or about June 2, 2023, Defendant illegally seized the Vehicle at issue in this action in the Southern District of Florida. Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." <u>Fed. R. Civ. P. 41(g)</u>. The same section states that "the motion *must be* filed in the district where the property was seized." <u>Id</u>. (emphasis added).

Prior to 2002, Rule 41(g), at that time known as Rule 41(e), stated:

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property…"

In 2002, Rule 41(e) was redesignated as Rule 41(g) and the language was changed to:

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."

2

Congress intended to limit the filing of Rule 41(g) motions to the district in which the property at issue was seized. Therefore, it deployed a mandatory "must be" clause identifying the seizure district as the proper venue for filing 41(g) motions. Courts have noted, "Congress expressly added this mandatory language in 2002; the prior iteration, Fed.R.Crim.P. 41(e), had no such venue requirement." Rogers v. United States, 2010 WL 4968184 at 1 (S.D.N.Y. Nov. 30, 2010), citing Adeleke v. United States, 355 F.3d 144, 146 n. 1 (2d Cir.2004) (dismissing 41(g) motion concerning property seized the District of Colorado for improper venue).

Prior to this amendment, Circuits were split when determining proper venue for a motion under Rule 41(g). See Clymore v. United States, 217 F.3d 370, 375 (5th Cir. 2000), as corrected on reh'g (Aug. 24, 2000) ("Given the unsettled state of the law … even an experienced and able attorney would have had to guess as to the proper venue in which to bring [a] claim" under Rule 41(g)). Thus, Congress made this amendment in 2002 anticipating that the "circuit split would be resolved by the proposed change … designating the district in which seizure occurred as the location where a motion must be filed." Foehl v. United States, 238 F.3d 474, 481 n. 9 (3d Cir. 2001), subsequently dismissed, 2002 WL 32075774 (E.D. Tex. June 21, 2002).

Since the 2002 amendment, courts have consistently held that venue for a Rule 41(g) motion only proper lies in the district in which the seizure of the relevant property occurred. See e.g., United States v. Toombs, 2023 WL 3883958 at 2 (10th Cir. June 8, 2023) ("Venue in the district of seizure is thus mandatory."); United States v. Persaud, 426 F. App'x 172, 172 (4th Cir. 2011); Rogers, 2010 WL 4968184 (S.D.N.Y. Nov. 30, 2010); United States v. Smith, 253 F. App'x 242, 243 (3d Cir. 2007) ("…any motion seeking [the seized property's] return would have to be filed in the District in which it was seized…"); United States v. Weimer, 2006 WL 562554

at 6 (E.D. Pa. Mar. 7, 2006) ("The text of the rule is unambiguous that such a motion "must be filed in the district where the property was seized."").

Even in cases where a related proceeding existed contemporaneously in another district, several courts have held that a Rule 41(g) motion must be brought in the district in which the property was seized based on the "plain language" of the rule. Wiebe v. Nat'l Sec. Agency, 2012 WL 1670046, at *1 (D. Md. May 11, 2012); see also Toombs, 2023 WL 3883958 (10th Cir. June 8, 2023); Elfand v. United States, 161 F. App'x 150, 151 (2d Cir. 2006); Clymore, 217 F.3d 370 (5th Cir. 2000) (Plaintiff "should have brought his claim in the district where the truck had been seized… not in the district where his criminal case had been prosecuted…").

**B. Judicial Economy and Comity Dictate that this Court Should Retain Venue and Equitable Jurisdiction, because: (a) it is the District of Seizure; (b) Plaintiff Holds a Personal Residence and Other Assets in the Southern District of Florida; (c) Plaintiff has neither been Indicted or Subject to any Criminal Process in Puerto Rico; and (d) Defendant has Demonstrated that it is Not Burdensome to Continue Litigation in the Southern District of Florida.**

In its Order, the Court noted its concern that prosecution of parallel actions concerning the Vehicle in this district and the District of Puerto Rico would "raise serious issues of judicial economy and comity between the federal district courts." Citing Pegg v. United States, 147 F. App'x 886, 887 (11th Cir. 2005), the Court further stated that "[h]ere, the physical seizure was effectuated pursuant to the Warrant issued by the District of Puerto Rico, so, under Rule 41(g), venue appears proper there — and there alone." However, the facts and circumstances in this case are distinguishable from Pegg. In particular, the court in Pegg did not hold that the district of seizure is necessarily improper for a Rule 41(g) motion. Rather, Pegg granted the

4

government's motion to dismiss the plaintiff's action in the Southern District of Florida for lack of jurisdiction because the Middle District of Florida had previously issued an order of forfeiture, such that the Middle District court had jurisdiction under 21 U.S.C. § 853(1). In addition, the plaintiff in Pegg was indicted and subject to criminal process in the Middle District of Florida prior to filing his Rule 41(g) motion in the Southern District of Florida. Accordingly, "allowing the United States District Court for the Southern District of Florida to entertain [the Rule 41(g) motion] would essentially put it in the position of reviewing the Middle District of Florida's original forfeiture order." Pegg, 147 F. App'x at 887. In other words, the issue before Eleventh Circuit was not venue on a pre-indictment Rule 41(g) motion, as here, but rather whether the plaintiff could have a "second bite of the apple" by filing a Rule 41(g) motion in a different district to review another district's prior order of forfeiture. Because there is no order of forfeiture from the District of Puerto Rico here, and Plaintiff and its principal Mr. Thobias have not been indicted or subject to any criminal process in that district, Plaintiff submits that the holding in Pegg is inapposite, and that this court is the proper venue under the plain language of Rule 41(g).

Further, although this case involves a seizure pursuant to a warrant that was issued in the District of Puerto Rico, there exists no other factor that would justify the transfer of venue to the District of Puerto Rico. Plaintiff has no connection to Puerto Rico, and its sole owner, Mr. Kevin Thobias, is no longer a resident of Puerto Rico. Mr. Thobias has not been indicted in the District of Puerto Rico, and Defendant has failed to demonstrate that any crime has been committed by Plaintiff or Mr. Thobias in that District or elsewhere. Special Agent Ricardo Rivera, who is based in Puerto Rico, asked to meet with and interrogated Mr. Thobias in the Southern District of Florida, rather than in the District of Puerto Rico. Mr. Thobias holds most

of his assets in the Southern District of Florida, including his personal residence, and holds no personal or real property in the District of Puerto Rico. Accordingly, this district is the proper and most appropriate venue for litigation concerning the Vehicle, and is also the proper venue for the government's *in rem* action under 28 U.S. Code § 1395(b). This Court should not endorse the government's attempt to forum-shop its action to seize the Vehicle by filing a subsequent *in rem* action and seek transfer of the Plaintiff's earlier action to Puerto Rico. Plaintiff therefore submits that the best resolution of the Court's justified concern for comity and judicial economy is to retain jurisdiction and venue over actions concerning the Vehicle in this district of seizure.

## II.   CONCLUSION

WHEREFORE, based on the foregoing facts and circumstances, Plaintiff Golden Exotics, LLC respectfully requests that this Court to exercise its equitable jurisdiction over this action and retain venue in the Southern District of Florida pursuant to Rule 41(g) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Jonathan Edderai
Jonathan Edderai
Florida Bar No. 124350
Wolffers Cohen & Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wollferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record by electronic service on this 21st day of August, 2023.

/s/ Jonathan Edderai
Jonathan Edderai
Florida Bar No. 124350
Wolffers Cohen & Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wolfferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619