UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22398-CIV-ALTONAGA/Damian

**GOLDEN EXOTICS, LLC**,

    Plaintiff,
v.

**UNITED STATES OF AMERICA**, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On August 15, 2023, the Court entered an Order [ECF No. 24] requiring the parties to show cause why this case should not be transferred to the District of Puerto Rico. The Government filed a Motion Requesting Change of Venue [ECF No. 26], and Plaintiff filed a Notice to Oppose Transfer of Venue [ECF No. 27].

In the August 15, 2023 Order, the Court explained that in proceedings under Federal Rule of Civil Procedure Rule 41(g), venue is proper only "in the district where the property was seized." Fed. R. Civ. P. 41(g). In cases involving seizures under a court order, the Eleventh Circuit has held that the "district where the property was seized" is the district that ordered seizure of the property. *Pegg v. United States*, 147 F. App'x 886, 887 (11th Cir. 2005). Plaintiff cites several cases that suggest the district of seizure is instead where the property was *physically* seized. (*See* Notice 3–4 (citations omitted)). Plaintiff also reasons that *Pegg* is distinguishable from the present case. (*See id.* 4–5).

Remarkably, the Government does not discuss *Pegg* or pay much attention to Rule 41(g). (*See generally* Mot. Requesting Change Venue).

Accordingly, it is

CASE NO. 23-22398-CIV-ALTONAGA

**ORDERED** that on or before **August 25, 2023**, Defendants shall file a reply to Plaintiff's Notice **[ECF No. 27]**. The reply shall not exceed 5 pages.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record