UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22398-CIV-ALTONAGA/Damian

Golden Exotics, LLC,

       Plaintiff,

v.

United States of America; et. al.

       Defendants.

_____/

**United States' Reply to Plaintiff's Notice to Oppose Transfer of Venue**

TO THE HONORABLE COURT:

    COME NOW, defendants, the United States of America and the United States Department of Homeland Security, through the undersigned attorneys, and respectfully state and pray as follows:

## I.  Introduction

    Contrary to Plaintiff's imputation of forum shopping at ECF No. 27, the United States requests a change of venue based a June 1, 2023 warrant to seize the 2018 Bugatti issued by the United States District Court for the District of Puerto Rico, Case No. 23-610(M).  That action was followed by the filing on August 2, 2023, of a Verified Complaint for Forfeiture In Rem before the United States District Court for the District of Puerto Rico.[1]  The United States is seeking a change of venue to the forum that ordered the seizure of the property for forfeiture that in turn prompted Plaintiffs to file this action.

## II.  Legal Arguments

    Like the case of <u>Pegg v. United States</u>, 147 Fed.Appx. 886 (11th Cir. 2005), which involved

---

[1] *See* <u>United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083)</u>, 23-cv-1392 (SCC).

*Case No. 23-cv-22398*

the Middle and the Southern Districts of Florida, the 2018 Bugatti was physically seized in one district (Southern District of Florida) pursuant to a warrant issued by another district (District of Puerto Rico).  To issue that warrant the seizing district made a probable cause finding that the property to be seized was forfeitable.  *See* ECF No. 14-1.  In seeking to have the Southern District of Florida order the Defendants to return property seized by order of the District of Puerto Rico, Plaintiffs are circuitously asking the Court to pass judgment over another court's probable cause finding.  Plaintiffs attempt to distinguish Pegg from the case at hand by arguing that the facts of Pegg involved a forfeiture order that is absent in the present case.  In coming to its decision, the Court of Pegg focuses on the fact that allowing the district where the property was seized to rule on a request for property return was to put that court in the position of reviewing another court's original forfeiture order.  Such a request raises "serious issues of judicial economy and comity between the federal district courts".  *See* <u>Pegg</u>, 147 F. App'x at 887.  Allowing the Rule 41(g) request to proceed in the Southern District of Florida will undoubtedly result in the Southern District of Florida reviewing the District of Puerto Rico's warrant to seize, precisely the danger the Court of Appeals for the Eleventh Circuit warned against in <u>Pegg</u>, 147 F. App'x at 887.

Plaintiffs are not only unsuccessful in distinguishing Pegg from the case at hand.  In citing cases to support venue in the Southern District of Florida, Plaintiffs cite cases from multiple districts and circuits.  However, Plaintiffs do not address two cases from the Eleventh Circuit that support the Defendants' position that venue is in Puerto Rico.  In <u>In re Seizure of All Funds on Deposit in Bank of Am. Acct. No. 898004312540, in name of Rosemond D Corp</u>., No. 09-22513-CIV, 2010 WL 3717235, at *2 (S.D. Fla. Sept. 21, 2010), a claimant was seeking return of property pursuant to Rule 41(g) and 18 U.S.C. § 983 of funds seized by the government which had obtained seizure warrants from the United States District Court for the District of Massachusetts for three bank

*Case No. 23-cv-22398*

accounts located at a bank in the Southern District of Florida.  Thereafter the government filed a

Verified Complaint for Forfeiture In Rem in the United States District Court for the District of

Massachusetts.  The District Court for the Southern District of Florida held that "a court should not

exercise jurisdiction to review the merits of a forfeiture action when the petitioner fails to pursue

an adequate remedy at law".  In re Seizure of All Funds on Deposit in Bank of Am. Acct. No.

898004312540, in name of Rosemond D Corp., No. 09-22513-CIV, 2010 WL 3717235, at *1.  It

also agreed with the government's position that the motion for return of property should be

dismissed since the Southern District of Florida did not have *in rem* jurisdiction against the property

itself.  The Court held that the District of Massachusetts first assumed jurisdiction over the funds

when they were seized,  and thus had  control over the funds and could dispose of them.   In re

Seizure of All Funds on Deposit in Bank of Am. Acct. No. 898004312540, in name of Rosemond

D Corp., No. 09-22513-CIV, 2010 WL 3717235, at *2 (S.D. Fla. Sept. 21, 2010) (Accordingly, the

District of Massachusetts has in rem jurisdiction to the exclusion of the Southern District of

Florida).

In  U.S. v. $270,000 in U.S. Currency, 1 F.3d 1146, 1148 (11th Cir.1993), there were

conflicting state and federal forfeiture actions over the $270,000 (the res) that created a dispute over

whether the state court or the federal district court had jurisdiction.  The state court has first assumed

jurisdiction over the res through a state search warrant, followed by forfeiture actions filed in both

state and federal courts.  The Court of Appeals for the Eleventh Circuit ordered that the federal

district court return the res to the jurisdiction to the state court.  In reaching that decision, the Court

of Appeals noted that the Supreme Court "long recognized that a court's in rem jurisdiction must

be exclusive".  That result avoids "unseemly and disastrous conflicts" and protects "the judicial

processes of the court first assuming jurisdiction, the principle, applicable to both federal and state

*Case No. 23-cv-22398*

courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." In  U.S. v. $270,000 in U.S. Currency , 1 F.3d at 1148.

### IV.  Conclusion

The United States respectfully requests that venue be transferred to the United States District Court for the District of Puerto Rico, where the seizure warrant was issued, and the civil forfeiture proceedings were filed.

WHEREFORE, for the above-stated reasons, the United States requests that the Court the instant action be transferred to the District of Puerto Rico.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this  25th day of August, 2023.

W. STEPHEN MULDROW
United States Attorney


*/s/Myriam Y. Fernández-González*
Myriam Y. Fernández-González
Assistant United States Attorney
United States Attorney's Office
District of Puerto Rico
Special Bar ID # A5503086
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4049
Email: Myriam.Y.Fernandez@usdoj.gov

*Case No. 23-cv-22398*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that; I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to all parties.


<u>/s/Myriam Y. Fernández-González</u>
Myriam Y. Fernández-González
Assistant United States Attorney