UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22398-CIV-ALTONAGA/Damian

**GOLDEN EXOTICS, LLC**,

    Plaintiff,
v.

**UNITED STATES
OF AMERICA**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on two motions. Defendants, United States of America and United States Department of Homeland Security (together, the "Government") filed a Motion to Dismiss [ECF No. 14], on August 3, 2023. The Government seeks dismissal of Plaintiff, Golden Exotics, LLC's Motion for Return of Seized Property Pursuant to Rule 41(g) [ECF No. 1] ("Rule 41(g) Motion"). Plaintiff filed a Response [ECF No. 16]; the Government did not file a reply.

Also before the Court is the Government's Motion Requesting Change of Venue [ECF No. 26], filed on August 21, 2023. On August 15, 2023, the Court entered an Order [ECF No. 24] requiring Plaintiff to show cause why the action should not be transferred to the District of Puerto Rico. In response, Plaintiff filed a Notice to Oppose Transfer of Venue [ECF No. 27] on the same day the Government filed its venue-transfer request. The Court ordered the Government to file a reply (*see* Aug. 22, 2023 Order [ECF No. 28]); and it did so (*see* Reply [ECF No. 29]).

The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Motion to Dismiss is granted, and the Motion Requesting Change of Venue is denied as moot.

CASE NO. 23-22398-CIV-ALTONAGA/Damian

## I. BACKGROUND

This case involves a June 2, 2023 seizure by the Department of Homeland Security ("DHS") of Plaintiff's 2018 Bugatti Chiron bearing VIN number VF9SP3V34JM795083. (*See* Rule 41(g) Mot. 1–2). Plaintiff filed this action, seeking return of the vehicle. (*See generally id.*).

Plaintiff arranged for transport of the vehicle from Miami to Colombia in May 2023 for certain promotional events. (*See id.* ¶¶ 4, 9). On May 10, 2023, while the vehicle was in the custody of the shipping company, Plaintiff's sole member, Kevin Thobias, received an email from DHS Special Agent Ricardo Rivera informing Mr. Thobias that DHS had asked Customs and Border Protection to detain Plaintiff's vehicle. (*See id.* ¶ 10). On May 11, 2023, DHS served Mr. Thobias with a Detention Notice that stated the reason for the vehicle's detention was "[f]urther inspection of vehicle and [o]wnership documentation." (*Id.* ¶ 12 (alterations added; quotation marks omitted)).

Between May 11 and May 17, 2023, Mr. Thobias provided Agent Rivera documentary proof of his ownership of the vehicle. (*See id.* ¶ 13). On May 17, 2023, Mr. Thobias met with Agent Rivera, who proceeded to "interrogate Mr. Thobias regarding matters completely unrelated to the Bugatti." (*Id.* ¶ 14). Despite Agent Rivera's assurance that the car would be released once ownership documentation was provided, the car remained in DHS detention. (*See id.* ¶ 15). On May 31, 2023, United States Magistrate Judge Bruce J. McGiverin of the United States District Court for the District of Puerto Rico, issued a seizure warrant based on a law enforcement affidavit executed on June 2, 2023. (*See id.* ¶ 16).

On June 28, 2023, Plaintiff filed its Rule 41(g) Motion seeking return of the vehicle. (*See generally id.*). Mr. Thobias, a self-proclaimed "serial entrepreneur" with a large social media following, needs the vehicle for various upcoming promotional events. (*See id.* ¶¶ 3–7, 17–19,

22). Mr. Thobias is also concerned about the Government holding the vehicle, because the car "requires extremely sophisticated maintenance and proper storage to preserve its value." (*Id.* ¶ 20).

Five weeks after Plaintiff filed its Rule 41(g) Motion, the Government initiated a civil forfeiture proceeding in the United States District Court for the District of Puerto Rico. *See United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083)*, No. 23-cv-1392, Verified Complaint for Forfeiture *in Rem* [ECF No. 1] filed August 2, 2023 (D.P.R. 2023). The Government now moves to dismiss the Rule 41(g) Motion, asserting that Plaintiff has an adequate remedy at law by virtue of the parallel proceeding, and so the Court lacks equitable jurisdiction to review the Rule 41(g) Motion. (*See generally* Mot. Dismiss). The Government also moves to transfer this case to the District of Puerto Rico, arguing Puerto Rico is the proper venue given the forfeiture proceeding taking place there. (*See generally* Mot. Change Venue). Plaintiff opposes both Motions, insisting its property was taken unlawfully; the proceeding in the District of Puerto Rico is inadequate; and venue is proper here, where the property was seized. (*See generally* Resp.; Notice to Oppose Transfer of Venue).

## II. LEGAL STANDARDS

***Subject-Matter Jurisdiction***. Subject-matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (alteration added). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless

to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case[.]" *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alterations added; citations omitted). A defendant may challenge subject-matter jurisdiction facially or factually. *See Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). With the former type, the court accepts the allegations of the complaint as true, whereas with the latter type, the court can rely on extrinsic evidence. *See id.*

***Rule 41(g)***. Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g) (alteration added). Typically, Rule 41(g) provides a mechanism by which an individual may recover property that the Government has taken as evidence. *See United States v. Guerra*, 426 F. App'x 694, 697 (11th Cir. 2011). When a Rule 41(g) motion is filed in the absence of a criminal proceeding, the motion is treated as a civil complaint in equity. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) (citations omitted). As such, the Federal Rules of Civil Procedure apply, and a motion to dismiss a Rule 41(g) motion is analyzed under Federal Rule of Civil Procedure 12(b). *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2009).

### III.  DISCUSSION

The Court first addresses its subject matter jurisdiction, as it must. As explained below, because subject matter jurisdiction is lacking, the Court does not address the transfer-of-venue request.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), enacted in 2000, "overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. [section] 981."

CASE NO. 23-22398-CIV-ALTONAGA/Damian

*Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005) (alteration added; citing Pub. L. No. 106–185, 114 Stat. 202). "CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* (citing 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.")). In such cases, "the court's review is limited to determining whether the agency followed the proper procedural safeguards[.]" *Id.* at 1196 (alteration added; citation omitted).

As explained, a person aggrieved by an unlawful seizure of property or by the deprivation of property may move for the property's return under Rule 41(g). "A Rule 41[(g)] motion is unavailable, however, when property is retained pursuant to civil forfeiture instead of for use as evidence" in a criminal case. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (alteration added; citation omitted).[1] Nevertheless, there are "two narrow circumstances" under which a district court may exercise its equitable jurisdiction over a civil forfeiture proceeding under Rule 41(g): first, when an agency refuses to consider a request that it exercise its discretion; and second, "under limited circumstances[,]" a court may exercise its "equitable jurisdiction over agency forfeiture decisions[,]" and the court's decision to do so is "highly discretionary and must be exercised with caution and restraint." *Id.* (alterations added; citation and quotation marks omitted). Indeed, district courts should only exercise their equitable jurisdiction in those "exceptional cases where equity demands intervention." *Mesa Valderrama*, 417 F.3d at 1197 (citation and quotation marks omitted); *see also Eubanks*, 169 F.3d at 674.

---

[1] Rule 41 was reorganized in 2002. Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change. Consequently, courts have applied case law concerning former Rule 41(e) to the current Rule 41(g). *See generally* 3A Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure: Criminal 3d § 673 (2004). The Court refers to former Rule 41(e) as Rule 41[(g)], where applicable.

In deciding whether to exercise equitable jurisdiction, courts consider the following:

(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of property; and (4) whether the petitioner has an adequate remedy at law.

*Mesa Valderrama*, 417 F.3d at 1197 (quotation marks and citation omitted).

Neither of the two narrow circumstances is present here. First, the Rule 41(g) Motion does not allege, and the record does not support a finding, that the Government refused to consider a request by Plaintiff that the Government exercise its discretion not to forfeit the vehicle. To the contrary, the record demonstrates that Plaintiff was provided notice of the forfeiture and opted for referral of the matter to the United States Attorney's Office for "institution of judicial forfeiture proceedings" (Election of Proceedings – JF Forms [ECF Nos. 14-4 & 14-5]) — a fact undisputed by Plaintiff (*see* Resp. 10; *see generally id.*). That exception, then, does not apply here.

As to the second exception, Plaintiff has not demonstrated that its claim requires judicial review "to prevent manifest injustice." *Eubanks*, 169 F.3d at 674. Plaintiff has an adequate remedy at law: the ongoing judicial forfeiture proceeding. Certainly, "it is inappropriate to exercise equitable jurisdiction when a property owner received lawful notice of civil forfeiture proceedings by mail and publication and elected to forego the procedures for pursuing an adequate remedy at law." *Mesa Valderrama*, 417 F.3d at 1197 (citation and quotation marks omitted); *see also Eubanks*, 169 F.3d at 674 (same). Although the Government had not initiated a civil forfeiture proceeding when Plaintiff filed its Rule 41(g) Motion on June 28, 2023, the Government did so five weeks later, on August 2, 2023. (*See* Mot. Dismiss 3; Resp. 1–2); *see also United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083)*, No. 23-cv-1392, Verified Complaint for Forfeiture *in Rem* [ECF No. 1] filed August 2, 2023 (D.P.R. 2023).

Notwithstanding the existence of a civil forfeiture proceeding, Plaintiff deems the ongoing proceeding inadequate, arguing that the affidavit in support of the seizure warrant is sealed, so it cannot defend against the forfeiture "adequately and meaningfully." (Resp. 6). And because Plaintiff is losing business opportunities thereby causing it "irreparable harm[,]" it argues the current proceeding "fails to provide Plaintiff the opportunity to be heard to demonstrate an improper seizure and forfeiture of" the property. (*Id.* 7, 10–11 (alteration added)). Plaintiff fails to persuade.

"Commencement of a civil or administrative forfeiture proceeding ordinarily deprives the district court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion." *Diaz v. United States*, 517 F.3d 608, 610–11 (2d Cir. 2008) (citations omitted). "[W]here 'the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding,' relegating the claimant to that proceeding [] avoid[s] problems inherent in parallel proceedings." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (alterations added; quoting *In re One 1987 Jeep Wrangler Automobile*, 972 F.2d 472, 479 (2d Cir. 1992)). The Eleventh Circuit and other Circuits have held that the presence of an "administrative or civil forfeiture proceeding affords an adequate remedy at law and thereby justifies dismissal of the Rule 41(g) motion." *Id.* (collecting cases; citing *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989) ("It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41[(g)] Motion[] but filing a claim in the civil forfeiture action." (alterations added)); other citations omitted).

In the parallel proceeding, Plaintiff is afforded an opportunity to file a claim to the property and request that the court unseal the record. It has done both. *See United States v. 2018 Bugatti Chiron (VIN# VF9SP3V34JM795083)*, No. 23-cv-1392, Claim to Defendant Property by Golden

Exotics, LLC [ECF No. 10] filed September 14, 2023 (D.P.R. 2023); *id.*, Motion to Unseal Document [ECF No. 23] filed October 2, 2023. The Rule 41(g) Motion here thus "offers . . . [Plaintiff] no appreciable procedural advantage over the ancillary proceeding." *De Almeida*, 459 F.3d at 382 (alterations added). In light of the *in rem* proceeding, which is the proper forum for Plaintiff to seek return of the vehicle, and given "the serious risk of duplicative proceedings and conflicting results[,]" *id.* at 383 (alteration added), the second exception, which should be exercised "with caution and restraint" in only the most "exceptional cases[,]" does not apply, *Mesa Valderrama*, 417 F.3d at 1197 (alteration added; quotation marks and citation omitted).

Because the Court cannot exercise equitable jurisdiction over Plaintiff's Rule 41(g) Motion, it dismisses the case for lack of subject matter jurisdiction. The Court thus does not reach the parties' arguments regarding transfer. *See, e.g.*, *Tafoya v. United States*, No. 1:22-cv-00517, 2023 WL 5948335, at *4 (D.N.M. Sept. 13, 2023) (addressing equitable jurisdiction over a Rule 41(g) motion and dismissing for lack of jurisdiction before reaching question of proper venue).

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants, United States of America and United States Department of Homeland Security's Motion to Dismiss **[ECF No. 14]** is **GRANTED**. Plaintiff, Golden Exotics, LLC's Motion for Return of Seized Property Pursuant to Rule 41(g) **[ECF No. 1]** is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**, and the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 9th day of October, 2023.

*[signature: Cecilia M. Altonaga]*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record